UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GRACIANO MANDADO,

        Defendant.

------------------------------------------------------------

Case No. 1:84-cr-234

OPINION & ORDER
[Resolving Doc. 4]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In April 1988, Defendant Graciano Mandado pleaded guilty in this Court to conspiracy to distribute marijuana. He now moves to expunge that conviction and sentence.[1]

Defendant Mandado contends that the sentencing judge tailored his sentence so as to preserve his ability to eventually become a United States citizen.[2] But immigration policy has changed, according to Mandado, such that his 1988 conviction now prevents him from becoming a citizen.[3] In light of his allegedly minor role in the original crime, the fact that he has since lived a law-abiding life, and the sentencing judge's alleged intent to preserve the potential to obtain citizenship, Mandado argues that this Court should expunge his sentence.[4]

The Court lacks jurisdiction to consider Mandado's motion.

A district court's jurisdiction over a criminal case generally ends when it enters a judgment terminating that case.[5] And while some statutes permit district courts to entertain expungement motions,[6] Defendant Mandado does not contend that those statutes apply in this case. Likewise, though the Court might have jurisdiction over expungement motions where a defendant raises

---

[1] Doc. 4. The government opposes. Doc. 5. Defendant Mandado replies. Doc. 6.
[2] Doc. 4 at 2–3.
[3] *Id.* at 3.
[4] *See id.* at 2–5.
[5] *See United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010).
[6] *Id.*

Case No. 1:84-cr-234
Gwin, J.

constitutional claims,[7] Mandado does not do so here.

Instead, he relies on this Court's so-called ancillary jurisdiction.[8] But the Court's ancillary jurisdiction is very limited, permitting only orders that:

> [1] permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and . . . [2] enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."[9]

Neither of those grounds apply here.

Mandado's motion to expunge is not related, except in a tangential way, to the original criminal charges in this case. It does not concern whether he committed the crime he pleaded guilty to. Instead, it is all about whether his conviction should be allowed to frustrate his desire to become a United States citizen.

Nor, despite Mandado's claim to the contrary,[10] is expungement necessary to effectuate the Court's judgment. The Court's judgment in this case says nothing about allowing Mandado to become a citizen; it merely convicts him and imposes two years of probation. That order has long since been effectuated.[11]

Mandado argues that the sentencing judge in this case intended that his sentence not interfere with Mandado's citizenship prospects.[12] That may, or may not, be so. But whatever subjective intentions the sentencing judge may have had are not part of the Court's order.[13]

Defendant Mandado's essentially makes an equitable argument. He claims that his conviction is having collateral consequences that the sentencing judge did not intend. He further alleges that, with the exception of this one crime (where he played a minor role), he has been a law abiding member of society.

---

[7] *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014).
[8] *See generally* Doc. 4; Doc. 6.
[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (internal citations omitted).
[10] *See generally* Doc. 6.
[11] *See* Doc. 4-1.
[12] Doc. 4 at 2–3.
[13] *See Kokkonen*, 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.").

Case No. 1:84-cr-234
Gwin, J.

The Court is sympathetic to Mandado's position. But the Sixth Circuit has held that the "federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations."[14] Moreover, the Sixth Circuit specifically identified arguments based on good behavior and the collateral consequences of convictions as arguments that do *not* justify the exercise of ancillary jurisdiction.[15]

Congress could, if it so chose, permit courts to expunge convictions like this one. Perhaps it should. But it has not and the Court cannot change that by means of its limited ancillary jurisdiction.

For those reasons, the Court **DENIES FOR LACK OF JURSDICTION** the motion for an expungement.

IT IS SO ORDERED.

Dated: August 8, 2018
s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[14] *Field*, 756 F.3d at 915.
[15] *Id.*

-3-